# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SHAUNTWAN BARNES,**
**# 228429,**

    **Plaintiff,**

vs.                                    Case No. 4:24cv491-MW-MAF

**LANCE ERIC NEFF, and**
**SHAVONNE JOANN MCCANTS,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

the pro se Plaintiff initiated this case in early December 2025. ECF No. 1. Plaintiff has been granted in forma pauperis status, ECF No. 9, and his first amended complaint, ECF No. 6, was reviewed as required by 28 U.S.C. § 1915A. That review led to issuance of an Order, ECF No. 8, requiring Plaintiff to file a second amended complaint. He was required to file a legible pleading, to present the facts in short, separately numbered paragraphs, and he was advised that the Court must dismiss a case brought by an in forma pauperis prisoner "at any time if the court determines that— (A) the allegation of poverty is untrue; or (B) the action or

appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Because it appeared that Plaintiff was attempting to sue a state court judge and an assistant state attorney, *see* ECF No. 6, he was directed to carefully consider whether to proceed in this case.  ECF No. 8.  His deadline to either file a second amended complaint or notice of voluntary dismissal by **February 14, 2025**. *Id.*  Plaintiff was warned that if he failed to comply, a recommendation to dismiss this action would be made.  *Id.*

As of this date, nothing further has been received from the Plaintiff. He has not filed an amended pleading or a notice of voluntary dismissal.  It appears that Plaintiff has abandoned this litigation.  In light thereof, this case should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."

Case No. 4:24cv491-MW-MAF

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, because Plaintiff was forewarned and did not respond to a Court Order, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order and that Plaintiff's pending motion for a restraining order, ECF No. 5, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 10, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.